UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD PIONTEK,

        Petitioner,                       Case Number 08-15074
                                                      Honorable David M. Lawson

v.

CARMEN PALMER,

        Respondent.
_____/

## ORDER GRANTING IN PART CERTIFICATE OF APPEALABILITY

Petitioner Ronald Piontek filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions of four counts of first-degree criminal sexual conduct, Mich. Comp. Laws 750.520b, and one count of second-degree criminal sexual conduct. Mich. Comp. Laws 750.520c. A Wayne County, Michigan circuit court jury found the petitioner guilty of those crimes, and the trial judge sentenced him to concurrent prison terms, the longest of which was 20 to 40 years. The petitioner raised three claims: (1) his right to a fair trial and confrontation were violated when he was denied access to the complainant's school and psychological counseling records; (2) his right to present a defense was violated when the trial court refused to grant an adjournment after a police officer ignored defense counsel's subpoena to appear at trial; and (3) he was denied the effective assistance of counsel at trial. The Court found that none of his claims had merit and denied the petition for writ of habeas corpus.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

> § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

Although the Court believes it correctly rejected the petitioner's claims, a reasonable jurist could conclude otherwise with respect to the ineffective assistance of counsel claim. Therefore, the Court will grant the petitioner a certificate of appealability on his ineffective assistance of counsel claim. However, the Court will deny the certificate of appealability on the two remaining claims. The Court finds that reasonable jurists could not debate these issues, and that the Court properly rejected these claims.

Accordingly, it is **ORDERED** that the petitioner is granted a certificate of appealability with respect to his ineffective assistance of counsel claim only.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: March 20, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 20, 2012.

        s/Deborah R. Tofil
        DEBORAH R. TOFIL